company to recover money under a written contract for a performance given, and damages for refusal to permit plaintiff to fulfil the contract, *held* that evidence to prove whether or not a certain person employed by the booking agency which negotiated the contract reported to defendant a conversation he had with plaintiff was properly excluded, as such conversation did not tend to show an admission by plaintiff or that he had abandoned the contract.

4. CONTRACTS, § 377*—*when letter by third person purporting to accept cancellation properly excluded.* In an action by a theatrical performer against a theatrical company to recover under a written contract for a performance given, and damages for refusal to permit plaintiff to fulfil the contract, *held* that a letter from a booking agency which negotiated the contract to the defendant purporting to accept for plaintiff defendant's cancellation of the contract was properly excluded, there being no proof that it had any authority to so do, nor evidence justifying the cancellation.

## Albert Moses, Defendant in Error, v. Lazar Jacobsohn, Plaintiff in Error.

### Gen. No. 21,069.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1915.    Affirmed.    Opinon filed January 11, 1916.

### Statement of the Case.

Albert Moses, plaintiff, brought an attachment suit against Lazar Jacobsohn, defendant, on the ground that defendant was a nonresident of the State and owed plaintiff a sum of money.    The defendant put in a general appearance.    On judgment for the plaintiff for damages and costs, the defendant brings error.

WILLIAM M. LAWTON and H. C. LINDSEY, for plaintiff in error; MAXWELL R. HERMAN, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SAMUELS & SAMUELS, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 1301*— *when presumed trial court heard evidence to support judgment.* Where in an attachment suit the record shows that the trial court heard evidence and found against the defendant both as to the attachment and the merits of the action, but entered judgment on the main issues only the reviewing court will, in the absence of a bill of exceptions, presume that the trial court heard sufficient evidence to support the judgment, and it is immaterial whether any judgment was entered on the attachment issue.

---

## Howard Carlson by C. G. Carlson, Defendant in Error, v. Simeon Swenson, Plaintiff in Error.

### Gen. No. 21,086.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed January 11, 1916.

## Statement of the Case.

Action by Howard Carlson, a minor, by C. G. Carlson, his next friend, plaintiff, against Simeon Swenson, defendant, to recover for personal injuries sustained by the plaintiff by having fall on him a radiator placed in the lobby of the defendant's theater. From a judgment for the plaintiff, the defendant brings error.

ALBERT O. OLSON, for plaintiff in error; JAMES J. LEAHY, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.